UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                   :
   **UNITED STATES OF AMERICA**      :
                   :   **02 CR 1388 (HB)**
      - against -          :
                   :   **OPINION & ORDER**
   **LUIS MORANT-CORDERO,**       :
                   :
           **Defendant.**     :
                   :
-----------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

## BACKGROUND

    In May 2005, Defendant Morant-Cordero was sentenced to 120 months' imprisonment for conspiring to distribute and possession with intent to distribute 50 grams or more of crack cocaine. His sentence was based on the statutory mandatory minimum then in effect pursuant to 21 U.S.C. § 841(b)(1)(A) (2006). On June 30, 2011, the Sentencing Commission issued a revised version of the United States Sentencing Guidelines which, in part, adjusted the quantity-based offense levels for crack cocaine offenses and made the application retroactive. Defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2), asking the Court to reduce his sentence in light of the recent amendments to the Guidelines. For the reasons set forth below, Defendant's motion is denied.

## DISCUSSION

    The circumstances under which a court may reduce a sentence are carefully prescribed. *See Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007) ("A district court may not generally modify a term of imprisonment once it has been imposed."). However, "a court may reduce the term of imprisonment of a 'defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Section 994(*o*) requires the Sentencing Commission to periodically review and revise the Guidelines. Courts have spent considerable time determining when a sentence was or was not "based on" the

1

relevant amendment to the Guidelines. *See, e.g.*, *id.* (holding that a sentence may be based on the Guidelines even if the defendant agrees to plead guilty pursuant to an agreement that provides for a particular sentence); *United States v. Rivera*, 662 F.3d 166, 172–77 (2d Cir. 2011) (holding that a sentence reduction was available when the sentencing judge departed from a career offender sentencing range and calculated the sentence based on the crack cocaine Guideline); *Unites States v. Martinez*, 572 F.3d 82, 85–86 (2d Cir. 2009) (holding that a sentence reduction was not available under the amended crack cocaine Guideline to a defendant sentenced based on a career offender Guideline); *United States v. Williams*, 551 F.3d 182, 185–86 (2d Cir. 2009) (upholding the district court's finding that where a defendant's sentence departed from a statutory mandatory minimum sentence, he was not sentenced based on the amended Guidelines).

Here, § 3582(c)(2) does not allow for a reduced sentence because Defendant's sentence was based on the statutory mandatory minimum and not a Guideline that was subsequently amended. During sentencing, I determined that the statutory minimum under 21 U.S.C. § 841(b)(1)(A) applied and that the "safety valve" relief provision under 18 U.S.C. § 3553(f) was unavailable. This decision was upheld on appeal. *See United States v. Morant-Cordero*, 164 Fed. App'x 114 (2d Cir. 2006). Defendant previously moved for a reduced sentence in response to several 2007 amendments to the crack cocaine Guidelines. I denied the motion in 2009 because the amendments relied on by Defendant had no bearing on his sentence which, as noted, was based on the statutory mandatory minimum. *See Freeman*, 131 S. Ct. at 2695.

Defendant now notes that the Sentencing Commission, in light of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, has again amended the crack cocaine Guidelines. *See* U.S. Sentencing Guidelines Manual § 1B1.10 (effective November 1, 2011) (applying Amendment 750, Part A, retroactively). Despite the trouble courts have had in deciding when sentences were based on the amended Guideline, § 3582(c)(2) is clear at least in cases such as this one. Though the record and the Presentence Report from the Probation Office calculate what Defendant's sentence would be under the Guidelines, the actual sentence imposed was based solely on the statutory mandatory minimum. Defendant correctly notes the disparity created by this statutory scheme, whereby a person sentenced under the crack cocaine Guidelines may move to reduce their sentence but a person who was sentenced based on the statutory minimum may not—even when the Guideline was amended in response to a reduction in the statutory

mandatory minimum. The distinction between a sentence defined by the statute and one defined by the Guidelines may seem meaningless, particularly where they have both been reduced to ease the sentencing disparity between crack and powder cocaine, but the Court is limited in the relief it can grant. It is for Congress to decide when changes to the statutory sentences will be retroactive. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) ("Because the aspects of his sentence that [the Defendant] seeks to correct were not affected by the Commission's amendment to [the Guidelines], they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them."). And to the extent Defendant is asking for a resentencing, that relief is also unavailable. *Id.* at 2690–91 (explaining that § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding," but rather provides for "only a limited adjustment to an otherwise final sentence").

## CONCLUSION

Defendant's motion for retroactive application of the Sentencing Guidelines is therefore denied. The Clerk of the Court is instructed to close the motion and remove the matter from my docket.

**SO ORDERED.**

March 19, 2012
New York, New York

HAROLD BAER, JR.
United States District Judge